FILED
2008 Jun-19 PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

APRIL R. JORDAN,           ]
                           ]
    Plaintiff,             ]
                           ]
    vs.                    ]            1:07-CV-1104-LSC
                           ]
MICHAEL J. ASTRUE,         ]
Commissioner,              ]
Social Security Administration,  ]
                           ]
    Defendant.             ]

MEMORANDUM OF OPINION

I.    Introduction.

    Plaintiff, April R. Jordan, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Income ("SSI"). Ms. Jordan timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

    Ms. Jordan was forty years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a ninth grade education. (Tr. at 193-94.) Her past work experience includes employment as a food services

worker, a cashier, and a cashier/stocker. *Id*. at 225. Ms. Jordan claims that she became disabled on December 24, 2000, due to asthma, bronchitis, depression, migraine headaches, and hypertension. *Id*. at 13.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404,

subpt. P, Appendix 1.  20 C.F.R. § 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. § 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Jordan has not engaged in substantial gainful activity since the alleged onset of her disability.  (Tr. at 12.)  According to the ALJ, Plaintiff's personality disorder, adjustment disorder with mixed anxiety, history of asthma, history

of headaches, and hypertension are all impairments which are considered "severe" based on the requirements set forth in the regulations. *Id*. However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ then determined that Plaintiff has the residual functional capacity to perform the exertional demands of light work with the additional limitations of a clean environment. *Id*. Based on this RFC, the ALJ determined that Ms. Jordan is capable of performing her past relevant work as a cashier, therefore, she has "not been under a 'disability,' as defined in the Social Security Act, since . . . the date the application was filed" *Id*. at 15-16.

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).   The Court

approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id*.  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Ms. Jordan alleges that the ALJ's decision should be reversed because it is not supported by substantial evidence and applicable law for three reasons.  (Doc. 7.)  First, Plaintiff claims that the ALJ did not afford proper consideration to her subjective complaints of pain in determining Plaintiff's RFC assessment.[1]  *Id*.  Second, Plaintiff argues that the ALJ erred by failing to consider Plaintiff's depression in combination with her other impairments. Finally, Plaintiff argues that the ALJ failed to consider the side-effects of her medications in his disability determination.  *Id*.

A.   Ms. Jordan's Allegations of Pain.

Plaintiff asserts that the ALJ's evaluation of her subjective complaints of pain was improper.  Specifically, Ms. Jordan alleges that the ALJ failed to

---

[1]Plaintiff also alleges that the ALJ failed to follow Social Security Ruling  96-7P. However, apart from attaching the ruling to Plaintiff's brief supporting this appeal, council made absolutely no independent legal argument as to its legal effect in the present case.  Plaintiff's council has also failed to demonstrate how the ALJ allegedly violated this ruling or if any violation would constitute reversible error.  This Court will not address these perfunctory and underdeveloped arguments.  *See Flanigan's Enters., Inc.v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

properly consider the pain standard.  *Id.*

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so.  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about

the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotations omitted).

In this case, the ALJ found that Ms. Jordan met the first prong of the Eleventh Circuit's pain standard, but he did not believe that the evidence confirms the severity of the alleged pain arising from that condition or that Ms. Jordan's objectively determined medical condition could reasonably be expected to give rise to the disabling pain and other limitations alleged by Plaintiff. (Tr. at 15.) In reaching this conclusion, the ALJ considered Plaintiff's allegations of migraine headaches, asthma, and bronchitis.

In rejecting Plaintiff's allegations that she experienced daily migraine headaches which prevent her from remembering what people say to her, the ALJ highlighted Dr. Huang's treatment notes which demonstrate that Plaintiff

received treatment only occasionally between 2003 and 2004. *Id*. at 14. After September 3, 2004, Plaintiff did not complain of headache pain and when she returned on September 9, 2005, she claimed that she was not experiencing headaches. *Id*. Further, the ALJ's review of subsequent treatment notes through August 2006 reflected that Plaintiff has not complained of headache pain since 2004, and her current medications did not include medication for headache pain. *Id*.

In regards to Plaintiff's complaints of additional limitations due to asthma and bronchitis, the ALJ noted that Plaintiff's symptoms appeared well controlled when she was compliant with medication. *Id*. at 13, 95, 98, 130, 154, 186. Further, the ALJ noted that in 2002, Plaintiff reported that she had stopped smoking, but Dr. Huang noted that she continued to smoke. *Id*. at 13, 83, 95. Finally, in rejecting Plaintiff's allegations of impairment, the ALJ highlighted Plaintiff's lack of consistent treatment for her asthma and bronchitis. *Id*. at 93, 96, 152, 156.

It appears to this Court that the ALJ specifically addressed Plaintiff's allegations of pain in his opinion, and he provided explicit and reasonable reasons for rejecting Plaintiff's testimony. Substantial evidence supports the

ALJ's conclusion that Plaintiff's condition did not cause disabling limitations and instead shows that she could perform the exertional demands of light work.

B.     Effect of Plaintiff's Depression on her Ability to Work.

Plaintiff also contends that the ALJ failed to adequately consider the effect of her depression in combination with her other impairments in determining her RFC.

Social Security regulations require the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined effect of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523; *see also Swindel v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).  When there is a combination of impairments, the claimant may be found disabled even though none of the individual impairments, including

pain, is disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). A medical condition that is controllable by medication is generally not considered disabling. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988); *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (*citing James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986) (when the record indicates that hypertension can be controlled with medication, the condition is not disabling).

The ALJ's discussion in this case sets forth the medical evidence of Plaintiff's alleged impairments. (Tr. at 12-15.) After evaluating the entire record, including Plaintiff's testimony, the ALJ determined that Plaintiff retained the RFC to perform light work activity in a clean environment. *Id.* at 12. While the ALJ found that Plaintiff had impairments which are considered "severe" according to 20 C.F.R. § 416.920(c), he determined that these impairments did not prevent Ms. Jordan from performing the exertional demands of light work.

In making this determination, the record indicates that the ALJ considered and rejected Plaintiff's claims of depression. In his findings, the ALJ discussed that treatment notes from Cheaha Mental Health Clinic

reflected that Plaintiff has intermittently sought treatment at the facility since 2002. *Id.* at 13. Plaintiff received her initial treatment at the facility on February 6, 2002, following discharge from Northeast Alabama Regional Medical Center on January 23, 2002, where she was treated for depression. *Id*. During this visit, it was noted that Plaintiff was alert but vague regarding her symptoms. *Id*. She returned to the Cheaha Mental Health Clinic on a regular basis until May 15, 2002, but did not return again until December 18, 2002, following the May visit. *Id*. On December 18, 2002, Plaintiff reported that she had only been upset and depressed for the last week. *Id*. On this visit, it was again noted that Plaintiff was vague in describing her symptoms and she admitted that she was seeking disability benefits, although she had previously denied doing so. *Id*. At a follow up visit on January 22, 2003, Plaintiff's psychiatrist noted that Plaintiff was self defeating and questioned whether she was experiencing disability neurosis. *Id*. In October 2004, Plaintiff was presented for an evaluation and was diagnosed with adjustment disorder with mixed anxiety and depressed mood. *Id*. On this visit, her global assessment of functioning ("GAF") was scored at a 59, which the ALJ noted indicates only moderate symptoms. *Id*. at 14. Following this

diagnosis, Plaintiff was given a treatment plan which was not followed according to the medical reports.  Plaintiff did not return for further treatment until November 1, 2005.  In November, Plaintiff was again assessed a GAF score of 59, and it was noted that the barriers to treatment goals included non-compliance with treatment.  *Id*.  Plaintiff did not return for further treatment following the November 2005 visit.  *Id*.

The ALJ also highlighted that following an examination by Dr. Robert Storjohann on January 6, 2005, he noted that Plaintiff appeared to be exaggerating and fabricating symptoms.  *Id*.  Dr. Storjohann also questioned the truthfulness of Plaintiff's claim that she had not abused alcohol or drugs in the last eight years.  *Id*.  Although Plaintiff reported that she was a slow learner and repeated multiple grades, Dr. Storjohann estimated her intellectual functioning was in the low average to average range.  *Id*.  He diagnosed Plaintiff with malingering, personality disorder, and a GAF score of 60.  *Id*.

The record reveals that the ALJ properly considered Plaintiff's depression in assessing her functional capacity and his determination is supported by substantial evidence.

C.      Side-Effects of Medications.

Plaintiff argues that the ALJ failed to even consider the side-effects of

Plaintiff's medications in making his RFC determination.  (Doc. 7 at 9.)  She

argues that if these side-effects were considered, they could have rendered

Plaintiff disabled.  *Id.* at 10.

The Social Security Administration recognizes that the side-effects of

medications can be disabling.  *See* 20 C.F.R. Part 404, Subpart P, Appendix

1, § 11.00.  It is well established that the ALJ must consider these side-

effects in reaching his conclusions.  *See* 20 C.F.R. § 416.929 (c)(3)(iv).  As

noted in Section B,[2] the Social Security regulations also require the ALJ to

consider the combined effects of all the claimant's impairments in

evaluating disability.  20 C.F.R. § 404.1523; *see also Swindel v. Sullivan*, 914

F.2d 222, 226 (11th Cir. 1990).

"Nevertheless, the claimant bears the burden of proving that he is

disabled, and, consequently, he is responsible for producing evidence to

support his claim."  *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir.

2003); *see also Doughty*, 245 F.3d at 1278; 42 U.S.C. § 423(d)(5) ("[a]n

---

[2]*See supra* pp. 10-11.

individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"). Moreover, it is Plaintiff's burden to provide a medical record that is complete, and if he fails to do so, the ALJ will make a decision based on the evidence of record. *See* 20 C.F.R. §§ 404.1513(e), 404.1516.

In this case, while Plaintiff reported to the Agency that she had side-effects from her medications, there are no complaints of side-effects to doctors in the record. Furthermore, as discussed above, the ALJ made the determination that Plaintiff was not taking her medications as prescribed. Therefore, any side-effects caused by the medication would be muted by Plaintiff's lack of compliance. The Eleventh Circuit has previously recognized that a claimant's limited complaints of side effects to her physicians, coupled with the physicians' lack of concern about these side effects, supports an ALJ's conclusion that any side effects would not present a significant problem. *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).

Plaintiff failed to meet her burden of providing evidence to support her

allegations of disabling pain and other symptoms.  *See* 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(i); 20 C.F.R. §§ 416.912(a), 416.929(a); *Doughty*, 245 F.3d at 1278-80; *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991); *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984).  The ALJ's determination that the side effects from medication did not effect her ability to perform light work is therefore supported by substantial evidence.

IV.    Conclusion.

Upon review of the administrative record, and considering all of Ms. Jordan's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 19<u>th</u> day of <u>June 2008</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671